Kallas v. Fiala

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fifteen.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **RICHARD C. WESLEY,**
> *Circuit Judges.*

_____

**Danos Kallas,**

> *Plaintiff-Appellant*,

> v.                                                                        **14-310**

**Barbara J. Fiala, as Commissioner of the Department of Motor Vehicles of the State of New York,**

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Danos Kallas, *pro se*, Cliffside Park, NJ. |
| **FOR DEFENDANT-APPELLEE:** | David Lawrence III, Barbara D. Underwood, Steven C. Wu, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Danos Kallas, *pro se*, appeals the judgment of the district court, dismissing his complaint *sua sponte* as frivolous. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Although we have not resolved whether such dismissals are reviewed *de novo* or for abuse of discretion, we need not reach that issue to affirm the district court's decision "because [it] easily passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a claim "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). *Pro se* complaints should be liberally construed, and district courts should generally not dismiss a *pro se* complaint

without granting the plaintiff leave to amend, unless it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The district court properly dismissed Kallas' complaint as frivolous. Kallas' claims challenging a state court judgment are clearly barred by the *Rooker-Feldman* doctrine, *see Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923), and his due process claims are frivolous because (among other reasons) he has challenged the alleged deprivation through state remedies and does not challenge the adequacy of those available remedies, *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984). We therefore affirm for substantially the reasons stated by the district court. We further note that amendment of the complaint would have been futile.

We have considered all of Kallas' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk